IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAMSON + COMPANY, LLC, etc., )
)
Plaintiff, )
)
v. ) No. 09 C 2631
)
AML & ASSOCIATES, INC., et al., )
)
Defendants. )

MEMORANDUM ORDER

Williamson + Company, LLC ("Williamson") has just filed a Complaint against AML & Associates, Inc. ("AML") and Residential Title Service, Inc. ("Residential"), seeking to invoke federal jurisdiction on diversity of citizenship grounds.[1] Because the Complaint is flawed in that respect, this Court dismisses it--and this action--sua sponte.

On that score Complaint ¶¶3 and 4 pose no problem, for they identify the dual citizenship of AML and Residential as prescribed by 28 U.S.C. §1332(c)(1). But Complaint ¶2 is more than problematic, because it asserts facts that are total irrelevancies as to Williamson's citizenship for diversity purposes. It ignores more than 10 years of repeated teaching from our Court of Appeals (see, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and a whole battery of cases since

---

[1] Williamson's counsel apparently did not comply with this District Court's rule requiring the delivery of a judge's copy of the Complaint.

then, exemplified by Thomas v. Guardsmark, LLC, 487 F.3d 531, 533-34 (7th Cir. 2007)).

Until quite recently this Court was content simply to identify such failures to counsel for plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But because there is really no excuse for a federal practitioner's lack of knowledge of such a firmly established principle with a full decade's repetition by our Court of Appeals, it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly not only Williamson's Complaint but this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Williamson and its counsel jointly obligated to pay a fine of $350-- equivalent to the cost of a second filing fee--to the Clerk of this District Court if an appropriate Fed. R. Civ. P. 59(e) motion were to be filed hereafter seeking to alter this judgment of dismissal. Because this is a dismissal for lack of the establishment of federal subject matter jurisdiction, it is by definition a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 1, 2009