IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAMSON+COMPANY, LLC, etc., )
)
                Plaintiff, )
)
  v. ) No. 09 C 2631
)
AML & ASSOCIATES, INC., et al., )
)
                Defendants. )

## MEMORANDUM OPINION AND ORDER

In response to the motion by Residential Title Service, Inc. ("Residential") to dismiss Counts II, III and IV of the Amended Complaint ("AC") filed by Williamson+Company, LLC ("Williamson") against Residential and AML & Associates, Inc. ("AML"), this Court promptly directed the parties to supply it with citations to the authorities that they regarded as supporting their respective positions in support of or opposition to that motion. Residential's counsel has done so, but his effort has missed the mark entirely, so that this ruling need not speak to the Williamson submission.

In place of the positions that the parties have respectively advanced in reliance on a few cases that do not really deal with the circumstances of this case, this Court's further independent analysis has placed the current situation comfortably within one facet of the familiar "election of remedies" principles, under which a plaintiff that has firmly chosen to pursue one path in connection with a contract cannot take another and inconsistent

path as well.  Thus <u>Overton v. Kinsbrooke Dev., Inc.</u>, 338 Ill.App.3d 321, 332, 788 N.E.2d 1212, 1220 (5th Dist. 2003) has put the principle succinctly:

> A party must elect a remedy based on the affirmance or disaffirmance of the contract, but the election of one is the abandonment of the other.

But that notion of an "election" of remedies must be understood as requiring not just the institution of litigation that poses two inconsistent alternative sources of remedy, but rather the entry of judgment under one or the other alternative–as <u>Kel-Keef Enters., Inc. v. Quality Components Corp.</u>, 316 Ill.App.3d 998, 1011, 738 N.E.2d 524, 533 (1st Dist. 2000)(citation omitted) has explained:

> Since bringing the suit at law did not constitute an election, and QCC II initially prevailed in both suits, QCC II was required to elect which remedy it wished to pursue before final judgement was entered in either case. <u>Majcher v. Laurel Motors, Inc.</u>, 287 Ill.App.3d 719, 726, 223 Ill.Dec. 683, 680 N.E.2d 416, 421 (1997). QCC II expressly elected that it wished to abandon its remedy of damages in favor of being excused from the contract.  Furthermore, once QCC II's election was made it became final and irrevocable.

In this instance Williamson has not made such a choice. Its Count I, advanced against codefendant AML, seeks relief under the July 20, 2007 release agreement, a remedy that if pursued to judgment would indeed bar its ability to reject its unconditional release of Residential that was an integral part of that contractual document.  But AC Count IV charges both AML and Residential with fraud and is <u>not</u> based on AML's contractual

2

undertaking in the release--note that Count IV seeks to recover $400,000 with interest calculated from May 11, 2007, the date when AML presented a $20 million standby letter of credit to Residential (the action that prompted the unauthorized release of the $400,000 escrow deposit to AML), rather than calculating interest from the months-later date when AML breached its obligation to repay the $400,000 under the terms of the July 20, 2007 release document.

On July 13, 2009 Williamson presented its motion for a default order (not a default judgment) against AML. This Court granted that motion, which contemplated a later proveup of damages under the AC. No quantification of those damages was specified, so that Williamson could choose to proceed to judgment under <u>either</u> Count I or Count IV. With no election of remedies thus having taken place in the sense defined by the caselaw, Williamson is not stuck with the adverse consequences vis-a-vis Residential that would flow from the pursuit of its contract remedy to judgment.

One aspect of Residential's motion does have force, however: its assertion that the Count IV claim of fraud is not sufficiently particularized to satisfy the requirements of Fed. R. Civ. P. 9(b). Although this Court finds no great difficulty in discerning the nature of the claimed fraud from the AC's allegations that precede Count IV's skeletal incorporation by

3

reference of the AC's earlier allegations, it directs Williamson's counsel to do better on or before August 10, 2009--not by conforming to the journalistic-type directive in <u>DiLeo v. Ernst & Young</u>, 901 F.2d 624, 626 (7th Cir. 1990), but rather by a summary statement of the "circumstances constituting fraud" (the actual language of Rule 9(b).

In sum, Hence Residential's motion to dismiss is denied except as to the just-discussed aspect of Count IV. It is ordered to answer the AC within seven days after its receipt of that filing.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 3, 2009